IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WELLOGIX, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-119 |
| | § | |
| ACCENTURE, LLP | § | |
| | § | |
| Defendant. | § | |

## AMENDED FINAL JUDGMENT

This action came on for trial before this Court on May 9, 2011. Plaintiff Wellogix, Inc. ("Wellogix") appeared in person and through its attorneys and announced ready for trial. Defendant Accenture LLP ("Accenture") appeared in person and through its attorneys and announced ready for trial. The Court determined that it had jurisdiction over the subject matter and the parties in this case. The Court then impaneled and swore in the jury, which heard evidence and arguments of counsel. At the conclusion of the evidence, the Court submitted questions, definitions and instructions to the jury. After deliberation, the jury returned and announced its verdict in open court, which verdict was unanimous and was duly received and filed by the Court. As part of its verdict, the jury found that:

(1) Wellogix possesses trade secrets.

(2) Accenture misappropriated Wellogix's trade secrets and this misappropriation caused Wellogix to suffer damages.

(3) Accenture committed theft of Wellogix's trade secrets by knowingly copying, or knowingly communicating or transmitting Wellogix's trade secrets without Wellogix's effective consent.

(4) Wellogix sustained actual damages of $26,179,725.00 as a result of Accenture's misappropriation and theft of trade secrets.

(5) Accenture acted with specific intent to cause substantial injury or harm to Wellogix.

(6) Accenture should be assessed $68,200,000.00 in exemplary damages.

At the direction of the Court, Accenture filed its Rule 50(b) Renewed Motion for Judgment As a Matter of Law and a Motion for New Trial or Remittitur (collectively "post-judgment motions") prior to the entry of judgment. Wellogix filed timely responses to Accenture's post-judgment motions and the Court heard argument from counsel on August 12, 2011.

On October 14, 2011 the Court denied Accenture's Rule 50(b) Renewed Motion for Judgment as a Matter of Law and granted in part and denied in part Accenture's Motion for New Trial or Remittitur, ordering Wellogix to elect between consenting to a remittitur of exemplary damages in the amount of $50 million or holding a new trial. On October 21, 2011, in accordance with the Court's order, Wellogix elected to accept the suggested remittitur of $50 million of the jury's award of exemplary damages.

The Court finds that prejudgment interest has accrued on Wellogix's claim for actual damages, which is based on Texas law. Accordingly, prejudgment interest on these damages will be calculated as simple interest at the rate of five percent (5%) per year. *See* TEX. FIN. CODE § 304.104. Prejudgment interest, as allowable by law, began on May 16, 2008 (the day Wellogix's suit was filed), and ends on the day before the final judgment is signed.

Wellogix moved for entry of judgment on the verdict. The Court considered the motion and hereby renders judgment for Wellogix and against Accenture.

IT IS THEREFORE ORDERED by the Court that Wellogix shall recover from Accenture as follows:

(1) Wellogix shall recover from Accenture actual damages in the sum of $26,179,725.00, plus prejudgment interest in the amount of $4,540,209.84, accrued and calculated as simple interest at a rate of five percent (5%) per year beginning on May 16, 2008 (the day suit was filed), and ending on the day before the final judgment is signed (November 3, 2011) for a total award of actual damages and prejudgment interest in the sum of $30,719,934.84; and

(2) Wellogix shall recover from Accenture exemplary damages in the sum of $18,200,000.00; and

(3) The total award of actual damages, prejudgment interest, and exemplary damages ($48,919,934.84) shall bear interest at the rate of 0.12% interest per year, compounded annually, from the day the judgment is signed (November 4, 2011) until the day the judgment is satisfied.

IT IS FURTHER ORDERED that all costs of court are taxed in favor of Wellogix and against Accenture. Attorneys' fees and related non-taxable expenses will be addressed in a separate motion and order, pursuant to Federal Rules of Civil Procedure 54 and 58(c).

With the exception of Wellogix's request for attorneys' fees and related non-taxable expenses, the Court denies all relief not expressly granted in this judgment.

This is a FINAL JUDGMENT.

SIGNED this 3rd day of November, 2011 at Houston, Texas.

THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE